*225]                *MARCH TERM, 1801.

---

### COMMONWEALTH *v.* ADDISON.

### *Information.*

If the presiding judge of a court of common pleas, wilfully prevent an associate from delivering his sentiments to the grand jury, after the president has concluded his charge; it is not an indictable offence, and therefore, not a case in which an information will be granted; but every judge has a right, and it is emphatically his duty, to deliver his sentiments, upon every subject that occurs in court.

THE Attorney-General made a motion, for a rule to show cause why an information should not be granted against the defendant, the president of the courts of common pleas, in the fifth circuit ; on the affidavit of J. C. Lucas, an associate judge of the court of common pleas of Allegheny county, stating that he had been wilfully prevented by Mr. Addison, from deliver-

---

(*a*) Where a voluntary assignment has been made for the benefit of such of the creditors of the assignor, as shall, within a specified time, execute a release of their debts, a creditor must release within the time specified, or he will not be entitled to a dividend, though he should execute a release, before any dividend has been declared. Cheever *v.* Imlay, 7 S. & R. 510. It is not sufficient, that an offer to release has been made, within the specified time, nor will the acceptance of the trust by an assignee, who is a creditor, entitle him to the benefit of it, if he has failed to execute the release within the time. Pearpoint *v.* Graham, 4 W. C. C. 232. But a release, executed after the specified time, will discharge the debt, where there is neither fraud nor mistake. Coe *v.* Hutton, 1 S. & R. 398.

ing his sentiments to the grand jury, after Mr. Addison, as President, had concluded his charge, &c.

In support of the motion, the *attorney-general* cited 1 Reeves Hist. Eng. Law, 201, c. 4; 2 Ibid. 2; Jacob's L. Dict. tit. "Chapitre;" 4 Bl. Com. 303; Const. Penn. art. V. § 4; 6 Mod. 96. But—

BY THE COURT.—We are unanimously of opinion, that the case does not present to our consideration an indictable offence; and, of course, it is not a case, in which an information ought to be granted. But we are (with the same unanimity) of opinion, that every judge has a right, and, emphatically, that it is his duty, to deliver his sentiments upon every subject that occurs in court. We add, so far as the expression of our sense of decorum may have weight, that we think, it would be indecent and improper, in any presiding judge, to attempt to prevent his associates from the exercise of this right; from the performance of this duty.

Motion refused.[1]

---

(a) s. c. 3 Yeates 131, which is a better report.

[1] Judge Addison was subsequently impeached for the cause assigned, and having been convicted, was sentenced to removal from office, and disqualification from thereafter holding the office of judge, within the state. See Addison's Trial, 154. And see Porter's Trial, 61.